# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 42 | **DATE** | 3/22/2000 |
| **CASE TITLE** | McHenry County Conservation Dist vs. LaSalle Natl Trust et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Plaintiff's motion (Docs 6-1 & 6-2) to abstain and remand this case to the Circuit court of McHenry County is granted. So ordered.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | MAR 2 3 2000 | |
| ✓ | Docketing to mail notices. | | | date docketed | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| SCT | courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

THE McHENRY COUNTY             )
CONSERVATION DISTRICT, a       )
conservation district organized and )
existing under the laws of the State of )
Illinois,                      )
                               )
          Plaintiff,          )
                               )
vs.                            )
                               )
LaSALLE NATIONAL TRUST,        )
N.C., as Trustee under Trust Agreement )
dated 2/4/88 and known as Trust )
No. 112988; UNITED HOMES, INC., )          00 C 0042
an Illinois corporation, as grantee under )
under deed recorded July 8, 1997 as )
Document No. 97R032161; UNITED )
GENTRY RIDGE LAND             )
DEVELOPMENT, L.L.C. an Illinois )
Limited Liability Company, as grantee )
under warranty deed recorded July 16, )
1997 as Document No. 97R033568; )
COLE TAYLOR BANK, an Illinois bank )
as mortgagee under mortgage recorded )
under Document No. 95R46461 and )
financing statements recorded under )
documents 95U2101 and 95U2102; )
TERRY PEARSON, mortgagee under )
mortgage recorded July 16, 1997 as )
Document No. 97R33569; and    )
UNKNOWN OWNERS,               )
                               )
          Defendants.         )

DOCKETED

MAR 23 2000

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case is before the court on Plaintiff's Motion to Abstain and Remand. For the reasons set forth below, this motion is granted.

## DISCUSSION

Following more than two and one-half years of litigation, a condemnation action involving a 164 acre tract of land ("Gentry Ridge") originally filed with the Circuit Court of McHenry County made its way to this Court by way of Defendant United Gentry Ridge Land Development, LLC ("United") filing a Chapter 11 Bankruptcy Petition in this district, wherein it listed the property at issue as its sole asset. United then filed its Notice of Removal of the McHenry County condemnation case. Plaintiff, the McHenry County Conservation District ("the District") then filed this motion to abstain and remand the case to the Circuit Court of McHenry County.

The District first contends that federal law obligates us to abstain from this case. The measure for our determination is 28 U.S.C. § 1334(c)(2), which states:

[u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section the district court shall abstain from hearing such

proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

United argues that the condemnation action is a "core proceeding arising under title 11," which should be adjudicated by a bankruptcy judge, and that the state condemnation action is not "related to" United's Chapter 11 bankruptcy action. This argument is unsupportable and we reject it.

We first note that United proffers a twisting argument that is unsupported by any case law, much less a case wherein the court applied Section 157(b)(1) in making its determination of whether a case was related to a bankruptcy action. Its argument is in direct conflict with the state of the law, which reflects that a suit is related to a bankruptcy when it has a direct and substantial impact on the amount of assets available to be distributed to creditors. See Diamond Mortg. Corp. of Ill. v. Sugar, 913 F.2d 1233, 1239 (7th Cir. 1990). As the Seventh Circuit aptly stated, for purposes of bankruptcy court jurisdiction "[a] case is 'related' to a bankruptcy when the dispute 'affects the amount of property available for distribution [i.e. the debtor's estate] or the allocation of property among creditors.'" See In re Memorial Estates, Inc., 950 F.2d 1364, 1368 (7th Cir. 1991) (quoting In re Xonics, 813 F.2d 127, 131 (7th Cir. 1987). Applying this standard, the Seventh Circuit has held that the foreclosure and sale of a cemetery, which was the principal asset of a bankrupt

entity, would affect the entity's bankruptcy estate.  See In re Memorial Estates, Inc., 950 F.2d at 1368.  Thus, the foreclosure proceeding was "related to" the bankruptcy action.  See id.

Likewise, Union's principal asset is the Gentry Ridge land.  A condemnation action involving that land inherently entails a battle over the valuation of the land at issue.  It is unquestionable that the condemnation action in McHenry County would have a direct and substantial impact on the amount of assets available to be distributed to Union's creditors.  Therefore, the McHenry County proceedings are "related to" the bankruptcy action in this Court.

United, however, argues that the condemnation action "arises under" the bankruptcy code because it is a "core proceeding" of the bankruptcy courts. However, the Seventh Circuit has stated that "a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."  Barnett v. Stern, 909 F.2d 973, 981 (7th Cir. 1990) (quoting In re Wood, 825 F.2d 90, 97 (5th Cir. 1987); see also Diamond Mort., 913 F.2d at 1237, n.3 ("core proceedings" involve specific rights directly created by federal bankruptcy law).  Having set forth the rule, the result is indisputable: condemnation actions are not created by the bankruptcy code, nor does their nature dictates that they can only arise within a

bankruptcy case. Accordingly, the condemnation case before us is not a core proceeding under Section 157, and did not arise under the bankruptcy code or out of a bankruptcy case.

Having found that the case fulfills the first element of Section 1334(c)(2), we must determine: (1) whether the case could have been commenced in federal court absent the bankruptcy petition; and (2) whether the case could be timely adjudicated in the state court. See Bates & Rogers Const. Corp. v. Contl. Bank, N.A., 97 B.R. 905, 907 (N.D. Ill. 1989). The parties here are not diverse, and there is no federal subject matter. Thus, the case could not have been commenced in federal court absent the fact of the pending bankruptcy.

As for timing, the District filed its condemnation action in McHenry County on July 24, 1997, over two and one-half years ago. The McHenry County Court has adjudicated motions to dismiss and for summary judgment, a temporary restraining order and preliminary injunction. In contrast, the bankruptcy action was filed with this Court in December 15, 1999, less than three months ago. Plainly, the parties have actively litigated the case in state court, and the state court is in position to adjudicate the merits. There is no evidence that the state court' calender is unduly backlogged, nor are the issues unduly complex, but are well within the court's expertise. Given that United offers no counter-argument, we find that the

state court can timely adjudicate the case. Since all of the requirements of 1334(c)(2) have been fulfilled, this Court holds that abstention is mandatory, and grants the District's Motion to Abstain and Remand.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Abstain and Remand is granted.


Charles P. Kocoras
United States District Judge


Dated:     March 22, 2000





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7482 | **DATE** | 3/14/2000 |
| **CASE TITLE** | Laborers' Pension Fund, et al vs. Concrete Busters, Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiffs' motion for entry of default judgment (Doc. No. 4-1) granted. Judgment is entered in favor of Plaintiffs and against Defendants in the amount of $44,923.04. Judgment is entered on counts I, II, and V of Plaintiffs' Complaint without prejudice to Plaintiffs' right to recover any additional benefit contributions, interest, liquidated damages, and audit costs revealed pursuant to an audit including, but not limited, to the period of 6/1/99 through 12/31/99. Enter Judgment Order. Defendant may file motion to vacate default judgment pursuant to Federal Rules.

12(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | MAR 2 3 2000 | | |
| | Notified counsel by telephone. | | date docketed | | 13 |
| | Docketing to mail notices. | | SB | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 3/14/2000 | | |
| | | | date mailed notice | | |
| ETV | courtroom deputy's initials | | | ETV | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LABORERS' PENSION FUND and
LABORERS' WELFARE FUND OF THE
HEALTH AND WELFARE DEPARTMENT
OF THE CONSTRUCTION AND GENERAL
LABORERS' DISTRICT COUNCIL OF
CHICAGO AND VICINITY, and JAMES S.
JORGENSEN, Administrator of the Fund,

Plaintiffs,

v.

CONCRETE BUSTERS, INC., an Illinois
corporation, and MICHAEL D'ADDOSIO,
individually,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**DOCKETED**

**MAR 23 2000**

Case No. 99 C 7482

Judge Pallmeyer

## JUDGMENT ORDER

This matter having come to be heard pursuant to Plaintiffs' Motion for Entry of Default Judgment, due notice having been given; and the Court being fully advised in the premises;

IT IS HEREBY ORDERED:

1.      That Defendants Concrete Busters, Inc. ("Concrete Busters" or the "Company") and Michael D'Addosio ("D'Addosio") are hereby found in default and that judgment be and hereby is entered in favor of the Plaintiffs and against Defendants in the amount of **$44,923.04** on Counts I, II, and V of Plaintiffs' Complaint as follows:

    A.      With regard to Count V of Plaintiffs' Complaint, judgment is ordered in favor of Plaintiffs and against Defendants Concrete Busters and D'Addosio in the amount of **$3,884.89**, representing unpaid benefit contributions, liquidated damages, and interest due on the defaulted Installment Note dated September 23, 1999;

*13*

B.     With regard to Counts I and II of Plaintiffs' Complaint, judgment is ordered in favor of Plaintiffs and against Defendant Concrete Busters in the amount of **$37,516.15**, representing unpaid contributions, union dues, interest and liquidated damages based on reports submitted by the Company for the period of August through December, 1999;

C.     With regard to Defendants Concrete Busters and D'Addosio, judgment is ordered in favor of Plaintiffs in the amount of **$3,165.00**, representing attorneys' fees; and **$357.00**, representing costs.

2.     Concrete Busters be an is hereby ordered to obtain a surety bond in accordance with the terms of the collective bargaining agreement.

3.     Defendants be and are hereby ordered to pay post-judgment interest on all amounts awarded to Plaintiffs until the date payment is made to the Laborers' Funds and to submit all reports and contributions owed to the Funds as they come due.

4.     Concrete Busters be and is hereby ordered to submit its books and records to the Funds for an audit.

5.     Pursuant to Fed. R. Civ. P. 54(b), there is no just cause for delay in the entry of judgment in sum certain on Counts I, II, and V of Plaintiffs' Complaint.

6.     Judgment is entered on Counts I, II, and V of Plaintiffs' Complaint without prejudice to Plaintiffs' right to recover any additional benefit contributions, interest, liquidated damages, and audit costs revealed pursuant to an audit including, but not limited to, the period of June 1, 1999 through December 31, 1999.

FURTHER, this Court retains jurisdiction to enter judgment in sum certain with regard to Counts III and IV of Plaintiffs' Complaint upon completion of the audit.

ENTER:

The Honorable Rebecca R. Pallmeyer
United States District Court Judge

Dated: _March 14, 2000_





# United States District Court
## Northern District of Illinois
### Eastern Division

DOCKETED

MAR 23 2000

Terry N. Clark

v.

James Ryan, et al

**JUDGMENT IN A CIVIL CASE**

Case Number: 00 C 742

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

☑ Decision by Court. This action came ~~to trial or hearing~~ before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that plaintiff's complaint is dismissed for failure to state a claim.

Michael W. Dobbins, Clerk of Court

Date: 3/22/2000

Wanda Parker, Deputy Clerk





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 1742 | **DATE** | 3/17/2000 |
| **CASE TITLE** | Mellon Mortgage vs. Barefield, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Plaintiff's motion for an order approving report of sale and distribution and order for possession is entered and continued to 4/14/00 at 10:00 a.m. The Court appoints Henry B. Vess, III of Donovan and Roberts, P.C., 104 East Roosevelt Road, Suite 202, Wheaton, IL 60187, (630)668-4211 as counsel for the defendants.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | MAR 2 3 200 | | |
| ✓ | Docketing to mail notices. | | date docketed | | 15 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| | rs [initials] courtroom deputy's initials | | date mailed notice | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 352 | **DATE** | March 21, 2000 |
| **CASE TITLE** | | Tullis v. DeTella | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] This suit is dismissed without prejudice for failure to exhaust administrative remedies. Defendant's motion for summary judgment and plaintiff's cross-motion for summary judgment are denied as moot.

*James F. Holderman*

(11) ■ [For further detail see attached order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | **Document Number** |
| | No notices required. | | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAR 2 3 2000 | |
| X | Docketing to mail notices. | date docketed | |
| X | Mail AO 450 form. | docketing deputy initials | 63 |
| | Copy to judge/magistrate judge. | | |
| CLH | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Patrick Tullis, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 98 C 352 |
| George E. DeTella Jr., et al. | ) ) ) | |
| Defendants. | ) | |

**DOCKETED**

**MAR 23 2000**

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiff, Patrick Tullis, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that then Warden George E. DeTella of Stateville Correctional Center retaliated against him for filing grievances. DeTella has filed a motion for summary judgment, asserting among other arguments, that Tullis did not exhaust his administrative remedies. Tullis has filed a cross-motion for summary judgment, which appears to be more in the nature of a response to DeTella's motion. DeTella has filed a reply. Because, as will be discussed below, the court finds that Tullis did not exhaust his administrative remedies in regard to his claim against DeTella, this action was filed prematurely and must be dismissed.

## I. Standard of Review

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The party moving

for summary judgment has the initial burden of submitting affidavits and other evidentiary material to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Once the moving party has sustained the initial burden, the opposing party may not rest upon the mere allegations or denials of the pleadings, but instead must come forward with specific evidence, by affidavits or as otherwise provided in Rule 56, showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

## II. Facts

On January 28, 1998, Tullis lodged a multi-count, sprawling complaint replete with numerous exhibits. On March 17, 1998, the court dismissed the complaint without prejudice and gave Tullis an opportunity to submit an amended complaint. On May 5, 1998, Tullis was granted leave to proceed on his amended complaint. On February 9, 1999, the court granted defendants' motion to dismiss as to all counts except a portion of count ten and gave Tullis an opportunity to submit a seconded amended complaint conforming to the court's opinion. On May 11, 1999, the court struck Tullis's second amended complaint because it did not conform with Rule 8(a) of the Federal Rules of Civil Procedure, discussed many matters that exceeded the scope of his sole remaining retaliation claim, referred to claims that were dismissed by the court in its February 9, 1999, order, and attempted to raise new claims that were either unrelated to the original complaint or barred by the statute of limitations. The court gave Tullis yet another chance to submit an acceptable amended complaint, which he did on June 7, 1999. On August 26, 1999, the

court denied DeTella's motion to dismiss, finding that although Tullis's third amended complaint was inartfully pleaded, it met the basic requirements of Rule 8(a) and set forth a chronology of events from which retaliation could be inferred.

Tullis alleges that at some point in 1997, he filed a grievance or multiple grievances concerning disciplinary proceedings against him. The disciplinary conviction was ultimately expunged; lost good time credits were accordingly restored and his grade status was adjusted. However, he was not allowed to return to his previous work or housing assignments.

Tullis met with Warden DeTella on December 22, 1997, who allegedly told him that since he like filing grievances, he had "nothing coming in G-dorm: no school, no job, no transfer." Tullis in fact remained without a job or school assignment, and a previously-approved transfer to another facility was rescinded by DeTella's order. Despite persistent efforts, Tullis was not transferred to another prison until May 13, 1998.

## III. Analysis

DeTella avers that Tullis has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e of the Prison Litigation Reform Act. In his response, Tullis admits that he did not exhaust administrative remedies in regard to his claim of retaliation against DeTella because retaliation is not a grievable issue.

Under 42 U.S.C. § 1997e(a),[1] the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999). The exhaustion requirement was further explained in *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999), which stated:

> [I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim. The potential effectiveness of an administrative response bears no relationship to the statutory requirement that prisoners first attempt to obtain relief through administrative procedures.

The internal administrative grievance system of the Illinois Department of Corrections is set out in the Illinois Administrative Code (20 Ill. Admin. Code § 504). Inmates must follow these procedures: (1) The inmate must first attempt to resolve the situation through his counselor; (2) If the situation remains unresolved, a written grievance must be submitted to the facility's grievance officer. Upon completion of an investigation by the grievance officer, the conclusions, and, if necessary, recommendations, are forwarded to the Chief Administrative Officer; (3) If the inmate does not believe the situation is resolved, he may appeal to the Director of the IDOC. The Administrative Review Board as the Director's designee reviews the appeal of the grievance and determines whether a hearing is necessary; (4) The Administrative Review Board forwards its decision and any recommendations to the Director or other designee, who makes a final determination.

---

[1]42 U.S.C. § 1997e(a) provides:
No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Tullis did not follow these procedures, claiming that retaliation is not a grievable issue. However, the grievance procedure in effect when Tullis filed his action made specific provisions for those situations in which an inmate claimed that he had been subjected to retaliation. Section 504.810(e) provides:

> e) Disciplinary action or reprisals may not be taken against a committed person solely for using the grievance procedure. A committed person may submit a grievance alleging that a reprisal has been made against him.

20 Ill. Admin. Code § 504.810(e) (1992).

This language could not be any clearer in giving an inmate the right to submit a grievance if he feels that a reprisal (or retaliation) has been made against him. Tullis has proffered no legitimate reason as to why he did not exhaust his administrative remedies before lodging his action barely a month after the alleged retaliation took place. *See also White v. McGinnis*, 131 F.3d 593 (6th Cir. 1997) (dismissal without prejudice of prisoner's § 1983 action against state prison officials for alleged retaliation was proper, given that prisoner had not exhausted administrative remedies).

It is most unfortunate that more than two years have passed before DeTella brought to the court's attention that Tullis had not exhausted his administrative remedies in regard to this claim. This, however, is not the fault of either DeTella or the court who were faced with an original complaint asserting at least 15 separate counts and several hundred pages of exhibits of grievances and Administrative Review Board determinations. Tullis also asserted on his complaint that he had exhausted his administrative remedies. If Tullis chooses to file another action in federal court, he should be sure first that each of his allegations is fully exhausted. The

-5-

court also notes that pursuant to the teachings of *Perez*, this court lacks discretion to resolve this

remaining claim on the merits, despite the fully-briefed posture of both parties. 182 F.3d at 535.

## IV. Conclusion

For the foregoing reasons, this suit is dismissed without prejudice for failure to exhaust

administrative remedies. DeTella's motion for summary judgment and Tullis's cross-motion for

summary judgment are denied as moot.

If, after he exhausts his administrative remedies, Tullis decides to file another action in

regard to these claims, he should consider carefully the merits of his claim and whether his action

against DeTella would now be barred by the statute of limitations. If his claim is found to be

frivolous, malicious, or fail to state a claim, the action will be counted as one of Tullis's three

allotted dismissals under 28 U.S.C. § 1915(g). Tullis is warned that if a prisoner has had a total

of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he

may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of

serious physical injury. 28 U.S.C. § 1915(g).

If Tullis wishes to appeal this dismissal, he may file a notice of appeal with this court

within 30 days of the entry of judgment. Fed.R.App.P. Rule 4(a)(4). If he does so, he will be

liable for the $105 appellate filing fee. Unless he is granted leave to proceed *in forma pauperis*,

he will have to pay the fee immediately. If he cannot do so, the appeal will be dismissed, but he

will remain liable for the fee and it will be deducted from his inmate trust fund account in

installments. *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). If this court finds that the

appeal is not taken in good faith, and the Court of Appeals agrees, he will not be permitted to

proceed *in forma pauperis* and pay the fee in installments, but will have to pay the fee

immediately or the appeal will be dismissed. 28 U.S.C. § 1915(a)(3); *Newlin*, 123 F.3d at 433-34.

To avoid a finding that the appeal is not taken in good faith, a motion to proceed *in forma*

*pauperis* on appeal should explain the grounds for the appeal. *See Hyche v. Christensen*, 170

F.3d 769, 771 (7th Cir. 1999); *Newlin*, 123 F.3d at 433; Fed. R. App. P. 24(a)(1)(C).


ENTER:


*James F. Holderman*

JAMES F. HOLDERMAN

United States District Judge


DATED:   MAR 2 1 2000





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6862 | **DATE** | 3/22/2000 |
| **CASE TITLE** | United States of America vs. Charles Taylor | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  ENTER MEMORANDUM OPINION AND ORDER: Charles Taylor's petition, as a prisoner in federal custody, to vacate, set aside, or correct his sentence is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |
| WAP | courtroom deputy's initials | |

number of notices

MAR 2 3 2000
date docketed

SB
docketing deputy initials

date mailed notice

**Document Number**

5

Date/time received in central Clerk's Office

mailing deputy initials



MAR 2 2 2000

Judge Harry D. Leinenweber
U. S. District Court

UNITED STATES OF AMERICA,

              Plaintiff,

    v.

CHARLES TAYLOR,

              Defendant.

Case No. 95 CR 325
          99 C 6862

Judge Harry D. Leinenweber

DOCKETED

MAR 23 2000

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Before the court is Charles Taylor's petition, as a prisoner in federal custody, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

### BACKGROUND

On November 15, 1995, Taylor was convicted by a federal jury of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). This court denied Taylor's first § 2255 petition on April 15, 1996 because Taylor had not yet been sentenced and had failed to exhaust his administrative remedies. On April 22, 1996, this court denied Taylor's motion for a new trial and acquittal as untimely. Taylor was sentenced to 222 months in prison on July 10, 1996. On July 16, 1996, Taylor filed a Notice of Appeal; on the following day, Taylor filed his second § 2255 petition. Because Taylor had already filed a direct appeal to the Seventh Circuit, this court

# United States District Court
## Northern District of Illinois
### Eastern Division

**DOCKETED**

**MAR 23 2000**

TULLIS

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 98 C 352

DETELLA

☐     Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■     Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that this suit is dismissed without prejudice for failure to exhaust administrative remedies. The cross motions for summary judgment are moot.

Michael W. Dobbins, Clerk of Court

Date: 3/21/2000

J. Smith, Deputy Clerk





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Executive Committee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7062 | **DATE** | 3/22/2000 |
| **CASE TITLE** | In the Matter of Albert J. Sullivan | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., Plaintiff, defendant, 3rd party Plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Albert Sullivan has again submitted for filing a miscellaneous assortment of department of corrections forms and documents, most of which are illegible, and no complaint, without complying with the requirements of the Executive Committee Order of 11/9/98. He seeks to proceed in forma pauperis, stating that he is in imminent danger of serious physical injury, but provides the court with no allegations to support this claim. He has struck out pursuant to 28 U.S.C. §1915(g). Leave to proceed in forma pauperis is denied and leave to file these materials is denied. The clerk is ordered to enter on the docket, that documents received on March 15, 2000, have been returned, and is further directed to return these pleadings for failure to comply with the Executive Committee Order.

(11)

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

number of notices

MAR 23 2000
date docketed

docketing deputy initials

STE
courtroom deputy's initials

Date/time received in central Clerk's Office

Document Number

date mailed notice

mailing deputy initials





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1572 | **DATE** | 3/22/2000 |
| **CASE TITLE** | Dorsey vs. Henderson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Response to defendant's motion to dismiss or alternatively for summary judgment is due by 4/14/00; and any reply by 4/28/00. Ruling set for 6/2/00 at 10:00 a.m. Status hearing set for 5/26/00 is vacated.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

number of notices

MAR 2 3 2000
date docketed

S.B.
docketing deputy initials

date mailed notice

Document Number

14

MPJ

courtroom deputy's initials

Date/time received in central Clerk's Office

mailing deputy initials





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 482 | **DATE** | 3/22/2000 |
| **CASE TITLE** | Stivers vs. Loyola University Medical Center | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Agreed motion for an extension of time to file plaintiff's response to defendant's motion for summary judgment is granted. Deadline for filing of response brief is extended to 4/4/00. Reply brief is due 4/25/00. Ruling by mail.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 2 3 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | 17 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |





# United States District Court
## Northern District of Illinois
### Eastern Division



Earnestine Travis

v.

Codilis & Associates, P.C.

**JUDGMENT IN A CIVIL CASE**

Case Number: 99 C 7682

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■    Decision by Court. This action came ~~to trial or hearing~~ before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that plaintiff's complaint is dismissed without prejudice for failure to comply with the court's order of December 9, 1999.

Michael W. Dobbins, Clerk of Court

*Wanda Parker*

Wanda Parker, Deputy Clerk

Date: 3/22/2000





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7682 | **DATE** | March 22, 2000 |
| **CASE TITLE** | Travis v. Codilis & Assoc. et. al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's complaint is dismissed without prejudice for failure to comply with the court's order of 12/9/99. This case is closed.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | **5** |
| | Notified counsel by telephone. | | MAR 2 3 200 | |
| ✓ | Docketing to mail notices. | | date docketed | |
| ✓ | Mail AO 450 form. | | SB. | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| AED /LC | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 5226 | **DATE** | 3/22/2000 |
| **CASE TITLE** | Waste Management of IL vs. Tri-county Landfill Co. etal | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   The firm of Stone & Moore's motion to withdraw as counsel for Preston Trucking Company is granted.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 2 3 2000 | |
| ✓ | Docketing to mail notices. | | date docketed | **318** |
| | Mail AO 450 form. | | SB | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| AMM | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |